IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON BLAHNIK, | ) | |
| | ) | |
| on behalf of himself and all | ) | Case No. 08 C 1468 |
| others similarly situated, | ) | |
| | ) | Judge Kendall |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Brown |
| v. | ) | |
| | ) | |
| FAMIGLIA-DEBARTOLO | ) | |
| OPERATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**FAMIGLIA-DEBARTOLO OPERATIONS, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Famiglia-DeBartolo Operations, LLC, sets forth the following Answer and Affirmative Defenses to the Complaint.

**ANSWER**

1. In this action, Plaintiff, on behalf of himself and all others similarly situated, seeks redress from the Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* as set forth herein. Plaintiff seeks statutory damages, punitive damages, costs and attorney fees pursuant to 15 U.S.C. § 1581n.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action under the FCRA. Defendant denies the remaining allegations of this paragraph.

2. Federal question jurisdiction arises under the FCRA, 15 U.S.C. § 1681 *et seq*.

**ANSWER:** Defendant admits the allegations of this paragraph.

3. Venue is proper in the Northern District of Illinois pursuant to section 1681p of the FCRA and 28 U.S.C. § 1391.

**ANSWER:** Defendant admits the allegations of this paragraph.

4. Plaintiff, Jason Blahnik, is a natural person, a resident of Hinsdale, Illinois and a "consumer" as defined by section 1681a(c) of the FCRA.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5. Defendant Famiglia-DeBartolo Operations, LLC ("FDO") is a Delaware corporation with its principal office located in White Plains, New York and is subject to the jurisdiction of this court.

**ANSWER:** Defendant admits the allegations of this paragraph, except that Defendant is a limited liability company and not a corporation.

6. Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees.  15 U.S.C. § 1681n.

**ANSWER:** Defendant denies the allegations of this paragraph.

7. On January 22, 2008, Plaintiff used his credit card to make a purchase from FDO and received an electronically printed receipt (attached hereto as Exhibit A).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. Exhibit A includes the expiration date of the credit card used by the Plaintiff to make his purchase.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. The Fair and Accurate Credit Transactions Act of 2003 (FACTA) amended the FCRA to prohibit any person that accepts credit or debit cards for the transaction of business from printing more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.  15 U.S.C. § 1681c(g)(1).

**ANSWER:** Defendant admits that FACTA amended the FCRA, but Defendant denies the remaining allegations of this paragraph.

10. In enacting this provision, Congress phased-in compliance for all merchants over three years. FACTA required full compliance with this provision no later than December 4, 2006.

**ANSWER:** Defendant denies the allegations of this paragraph.

11. On information and belief, FDO is a person that accepts credit and debit cards for the transaction of business.

**ANSWER:** Defendant admits the allegations of this paragraph.

12. On information and belief, FDO knew or should have known of the requirements of Section 1681c(g)(1) with respect to the printing of the expiration date of a credit or debit card on any receipt provided to a consumer at the point of sale or transaction, having been informed of those requirements by credit card companies with which it does business.

**ANSWER:** Defendant denies the allegations of this paragraph.

13. On information and belief, the truncation requirements were widely publicized among retailers and the public at large well in advance of the subsection's effective date.
**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations of this paragraph.

14. FDO willfully failed to comply with the FCRA by including the expiration date of the Plaintiff's credit card on the receipt it provided to him.

**ANSWER:** Defendant denies the allegations of this paragraph.

15. Plaintiff brings this action on behalf of himself and all similarly situated persons within the United States who used their credit or debit card in any sale or transaction occurring after December 4, 2006, with FDO and were provided with an electronically printed receipt displaying either more than the last five digits of the person's credit or debit card and/or the expiration date of the person's credit or debit card.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action as a class

action, but Defendant denies that this case is appropriate for class action treatment and denies the

remaining allegations of this paragraph.

16. All proposed class members of this class seek relief under the same legal theories, under the provisions of 15 U.S.C. §§ 1681n and 1681o, as set forth hereinabove, so that the claims of the representative plaintiff are typical of the claims of all proposed class members.

**ANSWER:** Defendant denies the allegations of this paragraph.

17. The questions of law and fact set forth in the Complaint are common to all class members. The principle issue is the Defendant's violation of section 1681c(g) of the FCRA.

**ANSWER:** Defendant denies the allegations of this paragraph.

18. The class is sufficiently numerous that joinder of all members is impractical.

**ANSWER:** Defendant denies the allegations of this paragraph.

19. Plaintiff has the same claims as the members of the class. All of the claims are based on the same legal theories.

**ANSWER:** Defendant denies the allegations of this paragraph.

20. Plaintiff will fairly and adequately represent the interests of the class members. He is committed to vigorously litigating the matter. Plaintiff has retained counsel with extensive experience with the FCRA and amendments made thereto by the Fair and Accurate Credit Transactions Act of 2003. Neither the Plaintiff nor his counsel has any interests which might cause them to fail to vigorously pursue this claim.

**ANSWER:** Defendant denies the allegations of this paragraph.

21. A class action is a superior method for the fair and efficient adjudication of this controversy.

**ANSWER:** Defendant denies the allegations of this paragraph.

22. The interest of the class members in individually controlling the presentation of separate claims against the Defendant is small because the maximum statutory damages in an individual FCRA action is $1,000.00.

**ANSWER:** Defendant denies the allegations of this paragraph.

23. This action should be maintained as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because common issues, as set forth hereinabove, predominate over any individual issues, and because class action is superior to other methods available for resolution of this controversy.

**ANSWER:** Defendant denies the allegations of this paragraph.

24. Plaintiff and class members are entitled to and hereby request a trial by jury.

**ANSWER:** Defendant admits the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

1. On information and belief, Plaintiff and the putative class members failed to mitigate any damages.

2. Any purported damages to Plaintiff or the putative class members were not proximately caused by any acts or omissions of Defendant and are the result of the acts or omissions of third parties.

WHEREFORE, Defendant, Famiglia-DeBartolo Operations, LLC, requests that the Court dismiss the Complaint and enter judgment in favor of Famiglia-DeBartolo Operations, LLC.

                                        **Respectfully submitted,**

                                        **FAMIGLIA-DEBARTOLO OPERATIONS, LLC**

                                        By: */s/ Mark E. Shure*
                                                One of its Attorneys

Mark E. Shure (mshure@keatingshure.com)
ARDC No. 06188755
Kevin T. Keating (kkeating@keatingshure.com)
ARDC No. 06183127
Keating & Shure, Ltd.
55 W. Monroe Street
Suite 1600
Chicago, IL  60603
(312) 201-8585
6020201.CTP

## **CERTIFICATE OF SERVICE**

I certify that I caused the foregoing Famiglia-DeBartolo Operations, LLC's Answer and Affirmative Defenses, to be deposited in the U.S. Mail, proper first class postage prepaid from 55 W. Monroe Street, Chicago, Illinois and served upon:

Alex M. Hageli
Law Offices of Alex M. Hageli
435 S. Cleveland
Suite 306
Arlington Heights, IL  60005

on May 9, 2008.


                                              */s/ Mark E. Shure*
                                               Mark E. Shure

6020201A.CTP